UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VENUS FASHION, INC., a Florida
corporation,

      Plaintiff,

v().                                                CASE NO. 3:14-cv-191-J-34JBT

TIDEBUY INTERNATIONAL,
LIMITED, a foreign company,

      Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion for Default Judgment Against Defendant Tidebuy International, Limited ("Tidebuy") ("Motion") (Doc. 25), which incorporates by reference Plaintiff's original Motion and Memorandum for Default Judgment Against Defendant Tidebuy International, Limited (Doc. 22). For the reasons set forth herein, the undersigned respectfully recommends that the Motion be **GRANTED**, and that final judgment providing the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

requested injunctive relief be entered in favor of Plaintiff and against Tidebuy.[2]

**I.     Background**

Plaintiff brought the instant action against Elvis Yang ("Yang") and Tidebuy alleging the following claims against both Defendants:

> 1) Trademark Mark Infringement Under 15 U.S.C. § 1114, Section 32 Of The Lanham Act [("Count I")];
>
> 2) False Designation Of Origin And Unfair Competition Under 15 U.S.C § 1125, Section 43(A) Of The Lanham Act [("Count II")];
>
> 3) Cybersquatting Under 15 U.S.C § 1125(D), Section 43(D) Of The Lanham Act [("Count III")];
>
> 4) Florida Common Law Unfair Competition [("Count IV")];
>
> 5) Common Law Trademark Infringement [("Count V")].

(Doc. 1 at 10–15.)

All claims against Yang were voluntarily dismissed without prejudice. (Docs. 24 & 26.) Additionally, Count III against Tidebuy was voluntarily dismissed without prejudice. (Docs. 28 & 29.) Default has been entered against Tidebuy (Doc. 17), and Plaintiff now seeks entry of a default judgment against Tidebuy on Counts I, II, IV, and V. (Doc. 25.)

The Complaint alleges that Plaintiff "is a leading retailer [of] contemporary

---

[2] The undersigned recommends that a hearing regarding the requested relief is not necessary because injunctive relief may be awarded in a default judgment without a hearing when the record reflects that injunctive relief is appropriate. *See PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213 (S.D. Fla. 2004) (entering a default judgment and permanent injunction without a hearing).

women's clothing and jewelry . . . that are sold under its VENUS formative marks through its website at www.venus.com and its catalogs." (Doc. 1 at 1.) The Complaint further alleges that, "[i]n an effort to capitalize on the goodwill and reputation of Venus, Defendants (a) acquired seven infringing domain names incorporating the VENUS trademark, service mark and domain name in its entirety and (b) are actively operating the website at www.dressvenus.com and doing business as DRESSVENUS.COM to advertise and sell clothing and fashion merchandise in direct competition with Plaintiff." (*Id.* at 1–2.) Plaintiff seeks permanent injunctive relief, including the transfer to Plaintiff of Tidebuy's websites containing the infringing marks, to prevent continued unauthorized use of Plaintiff's marks. (Doc. 25 at 2.)

## II.     Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk. *See* Fed. R. Civ. P. 55(b). A default judgment may be entered "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b). A default judgment may be entered "against a defendant who

never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8 if, in light of the nature of the action, the complaint provides

factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 664, 678. Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.

### III.   Analysis

Upon review of the Complaint, the Motion, and other relevant filings, the undersigned recommends that a default judgment be entered against Tidebuy on all remaining counts. The Court has federal question jurisdiction over Counts I and II of the Complaint pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over

Counts IV and V pursuant to 28 U.S.C. § 1367.[3]  Additionally, Plaintiff has established that Tidebuy was properly served under the Hague Convention. (Doc. 15.)  However, Tidebuy failed to appear or otherwise defend this action, and a default has been entered against it.  (Doc. 17.)  Further, as discussed below, each count adequately states a claim for which relief may be granted.[4]

### A. Count I - Trademark Mark Infringement Under 15 U.S.C. § 1114, Section 32 of the Lanham Act

15 U.S.C. § 1114(1) provides in relevant part:

> 1) Any person who shall, without the consent of the registrant–
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements

---

[3] Plaintiff also alleges jurisdiction pursuant to 28 U.S.C. § 1338, which, in part, confers "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

[4] Regarding Counts I and II, at least one court in this district has observed that "[a] claim for federal . . . trademark infringement, 15 U.S.C. § 1114(1), and a false designation of origin claim (also known as unfair competition), 15 U.S.C. § 1125(a)(1), are measured by identical standards." *Kobe Japanese Steak House of Fla., Inc. v. XU, Inc.*, Case No. 8:14-cv-490-T-23MAP, 2014 WL 6608967, at *3 (M.D. Fla. Nov. 20, 2014).  Therefore, it may be sufficient to address Counts I and II collectively.  Nevertheless, the undersigned will address each claim separately.

> intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided.

"To prevail on a trademark infringement claim based on a federally registered mark, the registrant must show that (1) its mark was used in commerce by the defendant without the registrant's consent and (2) the unauthorized use was likely to cause confusion, or to cause mistake or to deceive." *Rain Bird Corp. v. Taylor*, 665 F. Supp. 2d 1258, 1265–66 (N.D. Fla. 2009) (quotations omitted). In evaluating whether a likelihood of confusion exists, courts consider the following factors:

> (1) strength of the mark alleged to have been infringed; (2) similarity of the infringed and infringing marks; (3) similarity between the goods and services offered under the two marks; (4) similarity of the actual sales methods used by the holders of the marks, such as their sales outlets and customer base; (5) similarity of advertising methods; (6) intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the existence and extent of actual confusion in the consuming public.

*Shottland v. Harrison*, Case No. 11-20140-Civ, 2012 WL 2814350, at *8 (S.D. Fla. July 10, 2012) (quotations omitted).

In the Complaint, Plaintiff alleges that it is the owner of, and lists, numerous

U.S. Trademark Registrations related to its VENUS name, including VENUS.COM.[5] (Doc. 1 at 4–7.)  Therefore, the undersigned recommends that Plaintiff has established that it is the registrant of the federally registered marks at issue.

To establish infringement of its marks, Plaintiff alleges that Tidebuy "actively market[s] and sell[s] [its] products and services on the www.dressvenus.com website and [does] business as DRESSVENUS.COM." (*Id.* at 8.)  Plaintiff further alleges that Tidebuy "actively market[s] and sell[s] [its] products and services on [its] Facebook page www.facebook.com/DressVenus1, [its] Twitter page www.twitter.com/Dressvenus, [its] Google+ page www.plus.google.com/+Dressvenus, [and its] Pinterest page www.pinterest.com/dressVenus/, each of which do business as DRESSVENUS.COM." (*Id.* at 8–9.)  Plaintiff also alleges that Tidebuy's "marks, names, and domain names incorporate the VENUS Marks and are confusingly similar to the VENUS Marks" because the "DRESSVENUS.COM domain names swallow whole Plaintiff's VENUS.COM trademark and its domain name VENUS.COM without adding any distinguishing terms."[6]  (*Id.* at 9.)

---

[5] Although the subject now-registered mark is not identified, Plaintiff states that all but one of its marks was registered prior to the beginning of any infringement by Tidebuy. (*See* Doc. 22 at 5–6.)  However, this is of no consequence because Plaintiff alleges continuing infringement of its marks.

[6] The DRESSVENUS domain names include dressvenus.com, dressvenus.biz, dressvenus.me, dressvenus.info, dressvenus.us, dressvenus.org, and dressvenus.net. (Doc. 1 at 3.)

Additionally, Plaintiff alleges that Tidebuy has "infringed Plaintiff's VENUS Marks in interstate commerce by . . . doing business as DRESSVENUS.COM . . . [and] selling, offering for sale, promoting and advertising goods and services, which are identical to the type of goods and services offered by Plaintiff, under the mark DRESSVENUS.COM." (*Id.* at 10.)  Further, Plaintiff alleges that Tidebuy's "use of the DRESSVENUS.COM mark and domain name in connection with women's clothing and fashion merchandise and related services is without permission or authority and likely to cause confusion, to cause mistake, and/or to deceive the consuming public to Plaintiff's detriment," causing "monetary injury and other damage to Plaintiff's business, its reputation and the goodwill associated with its federally registered service marks."  (*Id.* at 10–11.)

Moreover, although Plaintiff does not sufficiently allege actual consumer confusion, the undersigned recommends that, in light of the factors set forth above, there are sufficient allegations of a strong likelihood of consumer confusion.  For example, Plaintiff's marks are strong because they have been used in commerce for more than two decades (*see* Doc. 1 at 1, 4–7); Tidebuy's marks are similar to Plaintiff's marks because they encompass Plaintiff's marks and add only the term "dress," which does not distinguish the marks because Plaintiff and Tidebuy both sell, among other things, women's clothing (*id.* at 9); the goods sold under the two marks, i.e., women's clothing and jewelry, are very similar (*id.*); and the sales and advertising methods used by Plaintiff and Tidebuy are very similar as both rely on

9

internet sales and advertising (*id.* at 1–2). Additionally, Plaintiff alleges that Tidebuy intended to misappropriate Plaintiff's goodwill.  (*Id.* at 1.)

The undersigned recommends that Plaintiff has sufficiently alleged that Tidebuy is using Plaintiff's federally registered marks in commerce without Plaintiff's consent, and that such unauthorized use is likely to cause confusion among consumers.[7]  Accordingly, the undersigned recommends that default judgment be entered as to Count I.

> **B.     Count II - False Designation of Origin and Unfair Competition Under 15 U.S.C § 1125, Section 43(a) of The Lanham Act**

15 U.S.C. § 1125(a)(1) provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which–
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents

---

[7] Plaintiff acknowledges that "[s]ince service of the complaint, Tidebuy transitioned to a new website at www.dressve.com," but that Tidebuy "has not ceased using, or has failed to take down, its social network accounts." (Doc. 22 at 7.) Because these additional sites still incorporate the infringing marks, the undersigned recommends that Tidebuy's discontinued use of the primary website www.dressvenus.com does not preclude entry of judgment or permanent injunctive relief in this action.

>   the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
>   shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

"Section 43(a) of the Lanham Act [15 U.S.C. § 1125] creates a federal cause of action for unfair competition in interstate commerce, and forbids unfair trade practices involving infringement of . . . trademarks, even in the absence of federal trademark registration." *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007) (quotations omitted). "To establish a prima facie case under § 1125(a), a plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two." *Id.* (quotations omitted).

In addition to alleging that its marks are registered, Plaintiff alleges that it has used its marks "in connection with the manufacture and distribution of, among other things, contemporary women's clothing and jewelry." (Doc. 1 at 7.) Plaintiff further alleges that its marks "have been used in interstate commerce to identify and distinguish Venus' high quality goods and service for an extended period of time," i.e., for "more than two decades," and that "Venus has extensively used, advertised and promoted the VENUS Marks in the United States." (*Id.* at 1, 7.) Plaintiff also alleges that "members of the consuming public readily identify merchandise bearing or sold under the VENUS Marks as being high quality merchandise sponsored and

approved by Venus," and that its marks have thus "achieved secondary meaning as identifiers of high quality contemporary women's clothing and other goods." (*Id.*) Therefore, the undersigned recommends that Plaintiff has sufficiently alleged enforceable trademark rights in its marks regardless of their registration.

Additionally, Plaintiff alleges that Tidebuy's "actions constitute false designations of origins, which are likely to cause confusion, mistake or to deceive or have confused and deceived customers or prospective customers into believing that [Tidebuy's] goods or services are affiliated, connected or associated with Venus and/or the VENUS Marks, or sponsored or approved by Venus." (*Id.* at 11.) Plaintiff further alleges that this "reflect[s] adversely on Plaintiff because Plaintiff has no ability to control the quality of [Tidebuy's] goods or services, and as the believed source of origin, Venus' efforts to protect its outstanding reputation for high quality goods and services will be hampered, resulting in the loss of sales to the irreparable harm of Plaintiff." (*Id.* at 12.)

Further, Plaintiff has sufficiently alleged the existence of a likelihood of consumer confusion considering the pertinent factors. Therefore, the undersigned recommends that Plaintiff has sufficiently alleged that Tidebuy is making unauthorized use of Plaintiff's marks, in commerce, which is likely to cause consumer confusion. Accordingly, the undersigned recommends that default judgment be entered as to Count II.

### C. Counts IV & V - Florida Common Law Unfair Competition and Common Law Trademark Infringement

"The legal standards for Florida statutory and common law claims of trademark infringement and unfair competition . . . are the same as those for federal claims of trademark infringement and unfair competition." *Rain Bird Corp.*, 665 F. Supp. 2d at 1267. *See also Gift of Learning Found., Inc. v. TGC, Inc.*, 329 F.3d 792, 802 (11th Cir. 2003) (citing *Investacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C.*, 931 F.2d 1519 (11th Cir. 1991) for the proposition that "the analysis of the Florida statutory and common law claims of trademark infringement and unfair competition is the same as under the federal trademark infringement claim"). Therefore, because the undersigned recommends that default judgment be granted as to Plaintiff's federal claims for trademark infringement and unfair competition in Counts I and II, the undersigned further recommends that default judgment be granted as to Plaintiff's common law claims for unfair competition and trademark infringement in Counts IV and V.

### D. Relief Requested

Only permanent injunctive relief remains at issue in the Motion.[8] Regarding injunctive relief in this context:

> Pursuant to the Lanham Act, a district court is authorized

---

[8] Plaintiff's request in the Motion for damages under 15 U.S.C. § 1117(d), which provides for statutory damages for cyberpiracy, pertains only to Count III, which was dismissed. *See* 15 U.S.C. § 1117(d); 15 U.S.C. § 1125(d).

13

> to issue an injunction according to the principles of equity and upon such terms as the court may deem reasonable, to prevent violations of trademark law. Indeed, [i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement. Moreover, even in a default judgment setting, injunctive relief is available. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction.

*Under Armour, Inc. v. 51nfljersey.com*, Case No. 13-62809-CIV, 2014 WL 1652044, at *5 (S.D. Fla. Apr. 23, 2014) (quotations and citations omitted). "Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest."[9] *Id.* at *6.

First, Plaintiff alleges that if the requested injunctive relief is not granted, "the resulting damage to [Plaintiff] will be substantial, continuing and irreparable." (Doc. 1 at 11, 12.) Moreover, "in trademark cases, a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *Under Armour, Inc.*, 2014 WL 1652044, at *6 (quotations omitted). Because the undersigned recommends that Plaintiff sufficiently alleged a strong likelihood of confusion, as discussed above, the undersigned further

---

[9] Because all relief sought by Plaintiff is available, if at all, under Counts I and II, the undersigned recommends that the Court need only address the requested relief with regard to those counts.

recommends that Plaintiff has adequately alleged that it is suffering irreparable injury.[10] Moreover, based on the allegations in Counts I and II, which are discussed above, the undersigned recommends that Plaintiff has established that it has no adequate remedy at law.

Next, in balancing the hardship of the requested relief between Plaintiff and Tidebuy, the undersigned recommends that this weighs in favor of Plaintiff. Specifically, unless Tidebuy is enjoined from continuing the actions giving rise to this case, Plaintiff will continue to suffer damages including "monetary injury and other damage to Plaintiff's business, its reputation and the goodwill associated with its federally registered marks" (Doc. 1 at 11), as well as "the loss of sales to the irreparable harm of Plaintiff" (*id.* at 12). On the other hand, "Defendants face no hardship if they are prohibited from the infringement of Plaintiff's trademarks, which is an illegal act." *Under Armour, Inc.*, 2014 WL 1652044, at *6. Finally, "[a]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior." *Id.* (quotations omitted). Therefore, the undersigned recommends that Plaintiff is entitled to permanent injunctive relief.

Regarding the specific relief requested, "[t]he Court's broad equity powers allow it to fashion injunctive relief necessary to stop the Defendants' infringing

---

[10] As noted above, the undersigned recommends that Tidebuy's discontinuation of its use of its primary website www.dressvenus.com does not prevent permanent injunctive relief because Plaintiff continues to be irreparably injured by Tidebuy's continued use of the infringing marks on other websites which Tidebuy has failed to take down. (*See* Doc. 22 at 7.)

15

activities." *Id.* Where "Defendants have created an Internet-based . . . scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights[,] . . . the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities." *Id.* at *7. The majority of the relief requested by Plaintiff prevents Tidebuy from continuing its infringing use of Plaintiff's marks or any marks which are confusingly similar thereto. (*See* Doc. 25 at 2.) The undersigned recommends that this relief is appropriate in light of the allegations in Counts I and II of the Complaint, which are discussed above.

Additionally, Plaintiff requests a mandatory injunction "requiring the Infringing Domains and social media accounts that include the VENUS Marks or anything confusingly similar thereto . . . be transferred by Defendant, Registrars, and/or Registries, so the associated websites and social media accounts may no longer be used as a means of infringing the VENUS Marks." (Doc. 25 at 2.) The undersigned recommends that transfer of the rights and use of the specific websites listed in the Motion is appropriate.[11] *See, e.g.*, *Planetary Motion, Inc. v. Techsplosion, Inc.*, Case No. 99-6511-CIV, 2000 WL 34015863, at *5 (S.D. Fla. Feb. 1, 2000) ("Defendants shall transfer all right, title and interest in the Internet domain name Coolmail.com to Planetary Motion and take all necessary steps to effectuate that transfer.").

---

[11] To the extent Plaintiff requests transfer of additional unspecified websites, social media accounts, or domain names, Plaintiff has cited, and the undersigned has found, no authority in support of such a request. Thus, the undersigned recommends that any such request be denied.

### IV.  Conclusion

For the reasons stated above, the undersigned recommends that default judgment be granted in favor of Plaintiff and against Tidebuy as to Counts I, II, IV, and V, permanently enjoining Tidebuy as provided below.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 25**) be **GRANTED**.

2. The Court enter an Order stating substantially the following:

    a. The Clerk of Court is directed to enter judgment in favor of Plaintiff Venus Fashion, Inc., c/o Akerman LLP, 50 N. Laura Street, Suite 3100, Jacksonville, FL 32202, and against Defendant Tidebuy International, Limited, Rm. 19C, Lockhart Ctr., 301-307 Lockhart Rd., Wanchai, Hong Kong, as follows:

    > Plaintiff shall recover costs pursuant to 28 U.S.C. § 1920. Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.
    >
    > Defendant Tidebuy International, Limited is permanently enjoined from: (a) infringing use of Plaintiff's VENUS Marks and variants thereof in any medium or avenue of commerce; (b) using in its advertising or in furtherance of its commerce any trademark confusingly similar to Plaintiff's VENUS Marks and variants thereof; and (c) obtaining, owning or controlling any domain name or social media account that contains Plaintiff's VENUS trademark or anything confusingly similar thereto.
    >
    > The following internet domains shall be transferred to Plaintiff by Defendant Tidebuy International, Limited, or the appropriate Registrars and/or Registries:
    >
    > 1) dressvenus.com; 2) dressvenus.biz; 3) dressvenus.me;

4) dressvenus.info; 5) dressvenus.us; 6) dressvenus.org;

7) dressvenus.net;

8) https://www.facebook.com/DressVenus1;

9) https://plus.google.com/+Dressvenus/videos;

10) http://twitter.com/dress_venus;

11) www.pinterest.com/dressVenus/;

12) http://instagram.com/dressvenus.

b. The Clerk of Court is further directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on August 10, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record